■ DI FALCO, FIELD, FLOREA & O'ROURKE, Respondent, v. MOLLIE N. WILMOT, Defendant-Appellant and Third-Party Plaintiff. ALBERT C. BOSTWICK, JR., Third-Party Defendant.— Order, Supreme Court, New York County, entered on April 29, 1971, denying defendant's motion to dismiss the complaint, pursuant to CPLR 3211 (subd. [a], par. 5), or for summary judgment, unanimously modified, on the law, without costs and without disbursements, to the extent of granting partial summary judgment to defendant in the sum of $30,500, as hereinafter indicated, and otherwise affirmed. In this action to recover legal fees for services rendered to defendant in the course of matrimonial litigation in Florida, plaintiffs admit that, subsequent to instituting this action, they were paid $30,500 by defendant's husband, the third-party defendant herein, in accordance with the final Florida judgment of divorce. They concede in their brief that defendant is entitled to "full credit for this payment", and, hence, there is no bar to granting such limited relief at this time. Any recovery by plaintiffs, if any, will therefore have to be reduced by $30,500, the amount received by plaintiffs pursuant to the Florida judgment. Concur — Kupferman, J. P., McNally, Tilzer and Capozzoli, JJ.

■ DI FALCO, FIELD, FLOREA & O'ROURKE, Plaintiff, v. MOLLIE N. WILMOT, Defendant and Third-Party Plaintiff-Respondent. ALBERT C. BOSTWICK, JR., Third-Party Defendant-Appellant.— Order, Supreme Court, New York County, entered on February 23, 1972, denying the motion of the third-party defendant for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs and without disbursements, the motion granted, the third-party complaint dismissed and the third-party action severed. The Florida matrimonial court, in its final judgment of divorce, based upon an application made to that court and testimony by a member of plaintiffs' law firm in support of that application, made the following finding and award: " The court finds the following additional fees and costs incurred by the defendant [wife] to be properly chargeable to plaintiff [husband and third-party defendant herein], in light of their respective financial circumstances: * * * DiFalco, Field, Florea & O'Rourke [plaintiffs herein], $30,500." Defendant, in her third-party complaint seeks indemnification from her ex-husband for any sums found to be due in the primary action (see decision published simultaneously herewith), on the theory that such expenses were in the nature of necessaries. The defense of *res judicata,* urged by the third-party defendant, based upon the Florida judgment after a complete trial, and his payment of $30,500, constitutes a complete bar to defendant's claim for indemnification. That judgment is entitled to full faith and credit here. Concur — Kupferman, J. P., McNally, Tilzer and Capozzoli, JJ.